permanent loss of use of a body organ, member, function, or system; a permanent consequential limitation of use of a body organ or member; or a significant limitation of use of a body function or system.

We modify the order, therefore, by denying defendant's motion in its entirety. (Appeals from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.

■ In the Matter of KENYADA D., Appellant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [710 NYS2d 292] —Appeal unanimously dismissed without costs. Memorandum: We note that the order extending placement, which by its terms has expired, was not affected by the stay of the orders concerning the location of placement. (Appeal from Order of Erie County Family Court, Townsend, J.—Placement.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■ In the Matter of KENYADA D., Appellant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 2.) [710 NYS2d 289] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Kenyada D.* (273 AD2d 802 [decided herewith]). (Appeal from Order of Erie County Family Court, Townsend, J.—Placement.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■ COSIMO CHIMERA et al., Appellants, v NEW YORK STATE DORMITORY AUTHORITY, Respondent, et al., Defendant. [709 NYS2d 302] —Order unanimously affirmed without costs. Memorandum: Plaintiffs' motion for leave to serve a late notice of claim against defendant New York State Dormitory Authority (Dormitory Authority) pursuant to General Municipal Law § 50-e (5) was properly denied. The accident occurred on November 5, 1996, and the notice of motion is dated December 7, 1998, two years and one month after the accident. With the exception of an action for wrongful death, a tort action for personal injury against the Dormitory Authority must be commenced within one year and 90 days after the cause of action accrues (*see,* Public Authorities Law § 1691 [1]). Because an extension of time to serve a notice of claim "shall not exceed the time limited for the commencement" of the action (General Municipal Law § 50-e [5]; *see, Pierson v City of New York,* 56 NY2d 950, 954), the motion was untimely. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Notice of Claim.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE T. COLLINS, Appellant. [710 NYS2d 216] —Judgment